UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | EDCV 20-01029-PA (AS) | Date | January 19, 2023 |
|---|---|---|---|
| Title | Francisco Xavier Carbajal v. Food Services, et. al., | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings (In Chambers):**   ORDER TO SHOW CAUSE RE SERVICE OF PROCESS ON DEFENDANTS FOOD SERVICES AND GANDARA

On January 14, 2020, Francisco Xavier Carbajal, Jr. ("Plaintiff"), who was then a California inmate at the California Institute for Men ("CIM") in Chino, California,[1] proceeding pro se, filed a First Amended Complaint, pursuant to 42 U.S.C. § 1983, against the following thirteen Defendants associated with the California Department of Corrections and Rehabilitation ("CDCR") and sued in their individual and official capacities: (1) Food Services; (2) B. LeMaster, Americans with Disabilities Act ("ADA") Coordinator and Reasonable Accommodation Panel ("RAP") staff member; (3) A. Banvelos, Acting ADA Coordinator and RAP staff member; (4) J. Gandara, Health Care Appeals Coordinator and RAP staff member; (5) T. Nesbitt, Health Care Compliance Analyst and RAP staff member; (6) J. Rivera, Appeals Coordinator and RAP staff member; (7) B. Strobelt, Correctional Counselor II and RAP staff member; (8) Kirk Torres, Chief Physician and Surgeon and RAP staff member; (9) Tara Simpson, Correctional Health Care Services Administrator II; (10) J.L. Bishop, Associate Warden, Business Services; (11) M. Farooq, Chief Medical Executive; (12) S. Gates, Chief Health Care Correspondence and Appeals Branch; and (13) T. Le, Chief Physician and Surgeon. ("First Amended Complaint," Dkt. No. 9).

On May 6, 2022, the Court directed the United States Marshal to serve process on all Defendants. (Dkt. Nos. 49-51). In addition, the Court issued its Order Re: Service of Process Under the Central District E-Service Pilot Program, pursuant to which the Clerk was directed to serve relevant documents on the CDCR and the United States Marshals Service, and the CDCR was directed to advise the Court as to which Defendants would be waiving service and which Defendants declined to do so or could not be reached. (Dkt. No. 55).

---

[1] Plaintiff was subsequently released on parole. (See Dkt. Nos. 35-37).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 20-01029-PA (AS) | Date | January 19, 2023 |
|---|---|---|---|
| Title | Francisco Xavier Carbajal v. Food Services, et. al., | | |

In accordance with the latter order, Defendants Gates, Simpson, Banuelos, Farooq, LeMaster, Le, Nesbitt, Torres, Bishop, Strobelt, and Rivera subsequently waived personal service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. (Dkt. No. 62). These eleven Defendants then filed a Motion to Dismiss on August 26, 2022. (Dkt. No. 63).

However, two Defendants named in the First Amended Complaint – "Food Services" and J. Gandara – did not waive service and have not appeared in the case.[2] It appears from the Court's docket that these two Defendants could not be located based on the identifying information that Plaintiff provided.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the Court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, in writing, by no later than **Thursday, February 2, 2023**, why this action should not be dismissed without prejudice as to Defendants Food Services and Gandara for failure to complete service of the operative complaint in a timely manner. This Order may be discharged upon the filing of an amended USM-285 form ("Process Receipt and Return") and form notice of submission setting forth an address where these defendants can be served and any special instructions or other information to assist with service, or by filing a declaration under penalty of perjury stating why Plaintiff is unable to do so.

The Clerk is directed to attach to this Order a copy of the Court's Order re service of process, dated May 25, 2022 (Dkt. No. 55), and provide Plaintiff with a USM-285 form, copies of the Order Directing Service, and a form Notice of Submission.

If Plaintiff no longer wishes to pursue this action against Defendants Food Services and/or Gandara, he may request a voluntary dismissal of this action against such Defendants without prejudice. See Fed. R. Civ. P. 41(a). A notice of dismissal form is attached for Plaintiff's convenience.

Plaintiff is warned that a failure to timely respond to this Order may result in a recommendation that this action be dismissed as to Defendants Food Services and Gandara with prejudice for failure to prosecute and obey court orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

---

[2] As the Court has previously noted, it is unclear whether "Food Services" is a separate entity subject to suit under 42 U.S.C. § 1983.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 20-01029-PA (AS) | Date | January 19, 2023 |
|---|---|---|---|
| Title | Francisco Xavier Carbajal v. Food Services, et. al., | | |

cc: Percy Anderson
    United States District Judge

                                                      : 00
Initials of Preparer      AF